**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON O. FIGUEROA MENJIVAR,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 18-71590<br><br>Agency No. A094-248-187<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2020[**]

Before:  SCHROEDER, HAWKINS, and GRABER, Circuit Judges.

Petitioner Nelson Figueroa Menjivar, a native and citizen of El Salvador,

timely petitions for review of the Board of Immigration Appeals' order dismissing

his appeal from the immigration judge's denial of his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The agency did not err in concluding that Petitioner did not establish his eligibility for asylum or withholding of removal, because substantial evidence supports the agency's finding that Petitioner is not credible. See Aguilar Fermin v. Barr, 958 F.3d 887, 891–92 (9th Cir. 2020) (stating substantial evidence standard). Many inconsistencies exist between Petitioner's asylum declarations and his testimony. Those inconsistencies concern, among other things, the identity of his father's murderers, and the contents of a threatening letter that Petitioner received while in El Salvador. Petitioner's explanations were also inconsistent. Petitioner testified that, for his first declaration, he was "afraid to mention" the names of groups involved in his father's murder, yet in that declaration he named a group that he believed was connected to his father's murder. Petitioner further testified that he failed to include the "female guerrilla" in his first declaration due to fear, but later testified that, "to be honest," he did not know why he failed to include her. The record therefore does not compel a finding that Petitioner is credible. See 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

2. The agency concluded that Petitioner is not eligible for relief under CAT, and Petitioner does not challenge that determination. Accordingly, Petitioner's

2

CAT claim is waived or forfeited. See Cruz v. Int'l Collection Corp., 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (internal quotation marks omitted)).

**PETITION DENIED.**